UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                       :

UNITED STATES OF AMERICA     :     **INDICTMENT**
                       :
      - v. -         :
                       :     21 Cr. _____
JEREMY SPENCE,             :
                       :
    a/k/a "Coin Signals,"    :
                       :     **21 CRIM  116**
          Defendant.   :
                       :

- - - - - - - - - - - - - - - - - x

## COUNT ONE
### (Commodities Fraud)

The Grand Jury charges:

### Relevant Persons and Entities

1. In or about 2017, JEREMY SPENCE, a/k/a "Coin Signals,"
the defendant, created an online persona, including through the
use of the social networking and micro-blogging website Twitter
and through messages sent using communication applications
("apps") such as Discord. Using the moniker "Coin Signals,"
SPENCE held himself out as a successful cryptocurrency trader
offering investing tips and trade "signals," which are
recommendations for an investor to buy or sell a particular
asset. The information that SPENCE posted to Twitter was
available to the public, whereas his Discord messages were
available only to an invitation-only online group, whose members
usually paid a membership fee to SPENCE.

1

2.   At all times relevant to this Indictment, JEREMY
SPENCE, a/k/a "Coin Signals," the defendant, resided in New
York, New York.

### Background on Cryptocurrency

3.   Cryptocurrencies such as Bitcoin (BTC) and Ethereum
(ETH) are decentralized, peer-to-peer forms of electronic
currency.  Cryptocurrency is a digital representation of value
that can be digitally traded and functions as (1) a medium of
exchange; (2) a unit of account; and/or (3) a store of value,
but does not have legal tender status. Unlike "fiat currency,"
like the U.S. dollar and the Euro, cryptocurrency is not issued
by any governmental entity and functions only by agreement
within the community of users of that particular currency.

4.   Cryptocurrencies are held by their owners in
electronic "wallets." These wallets have unique addresses, which
are designated by a string of letters and numbers. Only an
individual who possesses the unique "private key" associated
with a wallet's address can access the cryptocurrency in that
wallet.  However, any individual can send cryptocurrency to any
wallet.

5.   Under Title 7, United States Code, Section 1a(9), a
"commodity" includes "all other goods and articles . . . and all
services, rights, and interests . . . in which contracts for

2

future delivery are presently or in the future dealt in." This includes virtual currencies such as Bitcoin and Ethereum.

## OVERVIEW OF THE FRAUDULENT SCHEME

6.   From in or about November 2017 through in or about April 2019, JEREMY SPENCE, a/k/a "Coin Signals," the defendant, created and managed several cryptocurrency investment pools, for which he solicited cryptocurrency worth, in aggregate, more than approximately $5.37 million at the time, from more than 170 individual investors. SPENCE solicited these investments through false representations, including, among others, that SPENCE's crypto trading had been extremely profitable. In truth and in fact, SPENCE's trading had been consistently unprofitable.

7.   From in or about November 2017 through in or about April 2019, JEREMY SPENCE, a/k/a "Coin Signals," the defendant, to forestall redemptions by investors, and to continue to raise money from investors to fund his scheme, generated fictitious account balances, which he made available to investors online. Instead of accurately reporting the trading losses SPENCE was incurring, the account balances falsely indicated to investors that they were making money by investing with SPENCE.

8.   From in or about November 2017 through in or about April 2019, to hide his trading losses, JEREMY SPENCE, a/k/a "Coin Signals," the defendant, used new investor funds to pay back other investors in a Ponzi-like fashion. In total, SPENCE

distributed cryptocurrency worth at least approximately $2 million to investors substantially from funds previously deposited by other investors.

### Statutory Allegations

9.   From in or about November 2017 through in or about April 2019, in the Southern District of New York and elsewhere, JEREMY SPENCE, a/k/a "Coin Signals," the defendant, willfully and knowingly, used and employed, and attempted to use and employ, in connection with a contract of sale of a commodity in interstate commerce, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, any manipulative device, scheme, and artifice to defraud; (2) making, and attempting to make, any untrue or misleading statement of a material fact and omitting to state a material fact necessary in order to make the statements made not untrue or misleading; and (c) engaging, or attempting to engage in any act, practice, and course of business which operates and would operate as a fraud and deceit upon any person, to wit, SPENCE, in soliciting investments in various cryptocurrency trading pools he managed, made false and misleading statements to investors about, among other things, the performance of their investments, and utilized new investor

4

funds in a Ponzi-like manner to make payments to other investors.

    (Title 7, United States Code, Sections 9(1) and 13(a)(5);
      Title 17, Code of Federal Regulations, Section 180.1;
         Title 18, United States Code, Section 2.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

10. The allegations contained in paragraphs 1 though 8 of this Indictment are repeated and realleged as if fully set forth herein.

11. From in or about November 2017 through in or about April 2019, in the Southern District of New York and elsewhere, JEREMY SPENCE, a/k/a "Coin Signals," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, SPENCE, in soliciting investments in various cryptocurrency trading pools he managed, made false and misleading statements to investors about, among other things, the performance of their investments, including through the use of electronic messages

sent via the internet to and from the Southern District of New York, and utilized new investor funds in a Ponzi-like manner to make payments to other investors, including through the use of cryptocurrency transfers via the internet to and from the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION

12.   As a result of committing one or more of the offenses charged in Count Two of this Indictment, JEREMY SPENCE, a/k/a "Coin Signals," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in Unites States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

Substitute Assets Provision

13.   If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

6

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

7

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JEREMY SPENCE,

a/k/a "Coin Signals,"

Defendant.

### INDICTMENT

21 Cr. _____

(Title 7, United States Code,
Sections 9(1) and 13(a)(5); Title 17,
Code of Federal Regulations,
Section 180.1; Title 18, United States
Code, Sections 1343 and 2.)

Foreperson                    AUDREY STRAUSS
                              United States
                              Attorney